# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. STONE, Minor.

UNPUBLISHED
September 27, 2016

No. 331707
Lake Circuit Court
Family Division
LC No. 14-001583-NA

Before: MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Respondent L. Darknell appeals as of right the trial court's order terminating his parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j).[1] For the reasons stated below, we vacate the trial court's order and remand for further proceedings.

Petitioner filed a petition to remove the child at issue and the child's half-sibling from the custody of their mother. The petition identified respondent as the putative father of the child at issue. A paternity test later confirmed that respondent was the child's biological father, and respondent subsequently submitted an affidavit of parentage that, according to the trial court, was defective, and the defects were never corrected. The trial court exercised jurisdiction over the child pursuant to the mother's no contest plea in October 2014. The trial court never adjudicated respondent as unfit, but a treatment plan was prepared for respondent and he was offered services, as well as counsel.

In September 2015, petitioner filed a supplemental petition to terminate respondent's parental rights. The evidence produced at the termination hearing showed that respondent gained only minimum benefit from the services offered. The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j), but before doing so noted that respondent had not been established as the child's legal father, but had been treated as the father throughout the proceedings.

On appeal, respondent argues that (1) the trial court should have recognized him as the legal father, and (2) that as a legal father he was entitled to an adjudication before the trial court

---

[1] The child and the child's mother are members of the Pokagon Band of Potawatomi Indians. The Tribe participated in the case in the trial court and has intervened in this appeal.

could terminate his parental rights, and that because he never received an adjudication, the trial court's decision must be vacated.

There are two reasons why we must vacate the trial court's order. First, the initial petition identified respondent as the child's putative father,[2] and his status never changed during the course of the proceedings.[3] Because of that status, he was never actually a "respondent" as the term is defined by court rule, MCR 3.977(B)(2), as he was never established to be the legal father of the child. See MCR 3.903(A)(7) (defining "father") and *In re Gillespie*, 197 Mich App 440, 446; 496 NW2d 309 (1992) (reaching this conclusion under the prior analogous rule). As such, he was not a proper party to the case and had no legal rights to the child which could be terminated. See *In re LE*, 278 Mich App 1, 23; 747 NW2d 883 (2008). Second, even if he was a proper respondent with established legal rights to the child, the trial court never made a separate adjudication that respondent was unfit, which is required by *In re Sanders*, 495 Mich 394, 422; 852 NW2d 524 (2014). See *In re Kanjia*, 308 Mich App 660, 666-667; 866 NW2d 862 (2014) (*In re Sanders* violated when putative father was never adjudicated unfit). Consequently, we must vacate the trial courts order and remand for further proceedings.

Given our resolution of this issue, it is unnecessary to address respondent's remaining arguments on appeal.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

---

[2] A "putative father" is "a man who is alleged to be the biological father of a child who has no father as defined in MCR 3.903(A)(7)." MCR 3.903(A)(24).

[3] All parties to the appeal recognize in their briefs that respondent was never determined to be the legal father to the child.